## C. A. BRANT v. STATE.

No. A-7664. Opinion Filed Oct. 11, 1930.
As Modified on Denial of Rehearing Jan. 24, 1931.
(295 Pac. 235.)

Jno. V. Roberts, for plaintiff in error.

J. Berry King, Atty. Gen., and Ed Crossland, Asst. Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter called the defendant, was convicted of having possession of intoxicating liquor with the unlawful intent to barter, sell, give away, or otherwise dispose of the same to others contrary to the statutes, and was sentenced to pay a fine of $200 and be imprisoned in the county jail for a period of 90 days.   From which judgment the defendant has appealed to this court.

The testimony, in substance, on behalf of the state, shows that the defendant was engaged in operating a filling station and garage in the city of Perry, Noble county, Okla., and that portions of the building in which the garage was located were used and operated by Roy Pollock, who was running a radiator shop, and Robert C. Henderson, who was an automobile mechanic, in repairing cars and such other work as came to his shop; that both Pollock and Henderson were paying the defendant for the privilege of occupying a part of the building a certain per cent. of the money collected for the work performed by them in the nature of rent.

The sheriff and his deputies, armed with a search warrant, went to the garage on the 22d day of June, 1929, and searched the same and found some empty bottles in the

building, and a bottle in the front room of the garage building with a little whisky in it, and on the outside of the building, up near a wall where the dirt from the wash rack had been thrown through a window—buried in this dirt—they found a five-gallon container full of whisky.

The defendant testifying in his own behalf denied any knowledge of the whisky being buried in the dirt, and stated that, at 2:30 in the afternoon of the evening the garage was searched and the whisky found, he had washed a car and thrown the dirt out of this window and at that time the dirt was a little higher than the window; when the garage was searched and the whisky found in this dirt pile it had been pressed down until it was below the window; that he knew nothing about the whisky being there, did not own it, and had nothing to do with it.

Pollock and Henderson both testified they knew nothing about the whisky being placed where it was found by the officers. This is, in substance, the testimony offered by the state and the defendant.

Several errors have been assigned by the defendant. The first error assigned is that the information in this case, and the affidavit for the search warrant, and the search warrant in this case, are all of them insufficient. An examination of the information shows that it states sufficient facts to charge the defendant with the crime of possession of intoxicating liquor with intent to sell, barter, give away, or otherwise dispose of the same to others contrary to law.

It is urged by the defendant in his brief that the affidavit for the search warrant in said case does not state sufficient facts to authorize the magistrate to issue the search warrant to search the place or business of the defendant. While the affidavit in this case is to some ex-

tent informally drawn, it states that the prohibitory liquor laws of the state of Oklahoma are being violated, and particularly the statute against the sale of illicit liquor; that the affiant knows C. A. Brant, and knows that said premises are a place of storage of illicit liquor, to wit, whisky, and probably wine and beer. Further in the affidavit it is stated that the premises are a public resort, being a public garage, and that liquors are being kept, bartered, and sold there. There are several statements in the affidavit that are immaterial and would not be sufficient to authorize the issuing of a search warrant by the magistrate, but the paragraphs of the affidavit above set out are sufficient to authorize the issuing of a search warrant, and the court did not err in admitting the testimony offered by the state.

It is contended that other parties were occupying the building with the defendant, and the testimony of the defendant shows that he had nothing to do with the jug of whisky found in the dirt pile, and for that reason one of the parties is as liable to have placed the whisky there as the defendant. The defendant does not dispute the testimony of F. H. Yeager, one of the state witnesses who claimed he found a pint bottle in the office, under the counter in the front room, with whisky in it. All of the testimony was before the jury, and the court substantially and correctly instructed the jury as to the law, and the jury found for the state. This court will not disturb the verdict of the jury where there is any competent testimony sufficient to warrant the jury in finding a verdict of guilty. The evidence is sufficient to sustain the judgment.

The case is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.

On Petition for Rehearing.

PER CURIAM. The original opinion in this case was rendered on October 11, 1930. Petition for rehearing was filed October 22, 1930.

The court, after considering the testimony and record in the case, denies the petition for rehearing. After a careful examination of the record it appears that the sentence imposed in this case is excessive and should be modified. It is therefore ordered that the sentence of 90 days in the county jail and a fine of $200 be modified to a sentence of 60 days in jail and a fine of $200.